IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM HENDREN,

      Plaintiff,

v.                                        CV 09-1078 JB/WPL

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, ET AL.,

      Defendants.

**ORDER GRANTING EXTENSION TO SUBMIT *MARTINEZ* REPORT**

THIS MATTER comes before me on the Defendants' motion to dismiss based on Plaintiff William Hendren's failure to comply with a discovery obligation or, in the alternative, to grant an extension for the submission of the *Martinez* report, filed December 16, 2010. (Doc. 34.) The Defendants assert that Hendren has failed to comply with discovery obligations because he has not provided a medical release for the University of New Mexico Hospital. (*Id.* at 2.) They claim that this failure will prevent them from timely submitting their *Martinez* report. (*Id.*) Because the *Martinez* report is due on December 20, 2010, I will grant an extension prior to the completion of the briefing.

Hendren has alleged that, while he was detained in Bernalillo County Metropolitan Detention Center, the Defendants knowingly withheld his prescribed pain medication causing him to experience severe withdrawal. (Doc. 1 at 4-5.) When Hendren filed this lawsuit, he was represented by counsel. On July 8, 2010, while Hendren was still represented, the court held an initial scheduling conference. (Doc. 14.) Over three months later, the court granted Hendren's counsel leave to withdraw. (Doc. 26.) As a result, Hendren is proceeding *pro se*. (*Id.*)

Pursuant to the court's order, the parties were to make initial disclosures under FED. R. CIV. P. 26(a)(1) within fourteen days of July 6, 2010. (Doc. 10.) In cases where the medical condition of a party is in issue, that party is required to produce an authorization to release medical records form with the party's initial disclosures. D.N.M.LR-Civ. 26.3(d)(3). In this case, Hendren provided the required disclosures but did not include a medical release. (*See* Doc. 34 Ex. A at 4.) According to the Defendants, no medical release has since been provided. (Doc. 34 at 2.)

Dismissal of a case is a possible sanction for failure to comply with discovery obligations, but it is only available in extreme cases. FED. R. CIV. P. 37(c)(1); *The Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (citations omitted); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citations omitted). Because the parties have proposed an alternative resolution in the form of an extension of time, I find it unnecessary to rule on the motion to dismiss.

The Defendants have requested, in the alternative, an extension to complete the court-ordered *Martinez* report. (Doc. 34 at 2.) The Defendants were ordered to produce a written brief discussing Hendren's claims and addressing any defenses they wish to pursue. Hendren's hospital records, particularly those regarding his dependence on pain medication and hospitalization due to the withdrawal he alleges, could be relevant to the preparation of the report. Therefore, I will grant the extension. The Defendants must file the *Martinez* report and serve it on Hendren no later than **January 19, 2011**. Hendren must file his response or objections to the report no later than **February 18, 2011**. The Defendants must file their reply, if any, no later than **March 4, 2011**.

Furthermore, I remind Hendren of his obligation under this District's rules to provide the Defendants with a medical release. *See* D.N.M.LR-Civ. 26.3(d). Such a release was apparently mailed to Hendren on December 1, 2010. (*See* Doc. 34 Ex. B.)

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.         -3-