## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM HENDREN,

      Plaintiff,

v.                                                                 CV 09-1078 JB/WPL

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, et al.,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

William Hendren, a *pro se* plaintiff, is suing the Bernalillo County Metropolitan Detention Center ('BCMDC'), Bernalillo County, Ronald Torres and Correctional Medical Services, Inc. for allegedly withholding his prescribed pain medication during his detention at BCMDC and causing him to experience severe withdrawal leading to his hospitalization.  (Doc. 1 at 4-5; Doc. 43.)  The Defendants have filed a second Motion to Dismiss on the basis that Hendren has not provided a signed authorization to release medical records ('release'), as required by this District's Local Rule of Civil Procedure 26.3(d)(3).  (Doc. 37.)  I have issued more than one order on this issue and, at the hearing on my Order to Show Cause (Doc. 38), Hendren affirmatively refused to provide an executed release.  (*See* Doc. 44.)  As a result, pursuant to Federal Rule of Civil Procedure 37 and 41, I recommend that this case be dismissed with prejudice.

### BACKGROUND

Hendren filed a complaint based on deliberate indifference to his serious medical needs on November 11, 2009.  (Doc. 1.)  Though Hendren is now proceeding *pro se*, he was originally represented by counsel.  The case proceeded as any other civil case, with a Rule 16 Initial

Scheduling Conference set following the filing of an answer by all served defendants. (Doc. 10.) The Court ordered that the parties make their Rule 26 initial disclosures within fourteen days of their "meet-and-confer session," which they were required to hold by June 30, 2010. (*Id.* at 1-2.) In the Plaintiff's initial disclosures, Plaintiff's former counsel indicated that a medical authorization release form for the University of New Mexico Hospital ('UNMH') would be forwarded to the Defendants upon "receipt from the Plaintiff." (Doc. 34 Ex. 1 at 4.) No release was received by the Defendants prior to Hendren's counsel's withdrawal. (Doc. 37 at 2.)

Following counsel's withdrawal, the case was referred to me to make recommended findings and a proposed disposition. (Doc. 27.) I held a status conference with the parties to advise Mr. Hendren that, even though he is a *pro se* litigant, he is still required to comply with all court orders and deadlines. (Doc. 29.) I ordered that the Defendants prepare a *Martinez* report in order to evaluate the factual and legal bases of Hendren's claims. (Doc. 30.) That report was due December 20, 2010. (*Id.*)

On December 16, 2010, the Defendants filed their first Motion to Dismiss based on the Plaintiff's continuing failure to provide a release for his UNMH medical records. (Doc. 34.) In that motion, the Defendants included a letter that they sent to Hendren requesting that he complete and return the UNMH release. (*Id.* at 2; *Id.* Ex. 2.) I declined to recommend that the case be dismissed at that juncture, and instead I granted the Defendants an extension of time to complete the *Martinez* report. (Doc. 35 at 2.) I stated that dismissal is an available but extreme sanction for failure to comply with discovery obligations, and I reminded Hendren of his obligation under the local rules to provide the medical release to the Defendants. (*Id.*)

On January 18, 2011, the day before the extended deadline to submit the *Martinez* report expired, the Defendants filed the instant Motion to Dismiss. (Doc. 37.) The Defendants advised that

2

they still had not received Hendren's executed release.  (*Id.*)  They stated that, in addition to their previous letter and the reminder that I issued to Hendren, they again wrote to Hendren on January 6, 2011 requesting that he complete the medical release and enclosing a copy of the form.  (*Id.* at 3.)

As a result of Hendren's persistent failure to provide an executed release, I entered an order to show cause.  (Doc. 38.)  In that order, I again stated that Hendren is obligated to provide the release in this case based on the nature of his claims.  (*Id.* at 2.)  I stated that "[o]ne possible sanction is the dismissal of a party's claims with prejudice."  (*Id.*)  I further warned, "**If Hendren fails to provide a release, to respond to this Order, and/or to appear at the hearing, this case may be dismissed with prejudice.**"  (*Id.*)  Due to inclement weather, I was forced to reset the hearing, and the order resetting the hearing again advised Hendren that "if he fails to provide a release . . . **this case may be dismissed with prejudice**."  (Doc. 41.)

I held the show cause hearing on February 23, 2011.  (*See* Doc. 44.)  All parties appeared by telephone.  Hendren informed me that he had not executed the release.  I informed him that the consequence of refusing to provide the release would be a recommendation that the case be dismissed with prejudice.  Hendren still refused to provide the release.

### DISCUSSION

In cases where the medical condition of a party is in issue, that party is required to produce an authorization to release medical records with the party's initial disclosures.  D.N.M.LR-Civ. 26.3(d)(3).  Because Hendren has alleged that the Defendants were deliberately indifferent to his medical needs, he is subject to this discovery obligation.  Judge Browning ordered Hendren to make all initial disclosures on June 9, 2010.  (Doc. 10.)  Since that time, I have repeatedly informed Hendren that he must execute and provide the release.   (Doc. 35; Doc. 38; Doc. 41.)

3

The court is vested with the authority to impose sanctions, including involuntary dismissal, for a party's failure to comply with court orders and discovery obligations set by local and federal procedural rules.  *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Under Federal Rule of Civil Procedure 37(b), a party may be sanctioned for failing to obey an order to provide or permit discovery.  One possible sanction is the partial or complete dismissal of the case.  FED. R. CIV. P. 37(b)(2)(A)(v).  Federal Rule of Civil Procedure 41(b) also vests the court with discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *Mobley v. McCormick*, 40 F.3d 337 340 n.1 (10th Cir. 1994).  Such a dismissal "operates as an adjudication on the merits."  FED. R. CIV. P. 41(b).

A sanction imposed by the court for a discovery violation must be "both just and related to the particular claim which was at issue . . . ." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).  The dismissal of a case with prejudice "should be used as a weapon of last, rather than first, resort." *Id.* (quotation omitted).  Because dismissal is an extreme sanction, it is only appropriate where there is some "willfulness, bad faith, or fault of petitioner." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotation omitted).  Before dismissing a complaint, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations and quotations omitted).  The determination of whether dismissal is an appropriate sanction is a highly fact-specific inquiry. *Id.* at 920.

Here, the prejudice to the Defendants from Hendren's refusal to release his UNMH records

4

is clear.  The Defendants have been forced to file two motions as a result of Hendren's obstinence (Doc. 34; Doc. 37), increasing their attorney's fees in this action.  Furthermore, as stated by the Defendants, "they cannot move forward with this case and defend the allegations made against them" without the executed release.  (Doc. 37 at 3.)  In *Ehrenhaus*, the court found prejudice to the defendants based on the combination of delay and mounting attorney's fees, though the court noted that delay alone is insufficient to warrant dismissal.  965 F.2d at 921.  The Defendants here have experienced both delay and mounting attorney's fees; furthermore, the delay will continue indefinitely due to Hendren's stated refusal to execute the release.

Hendren's refusal interferes tremendously with the judicial process.  As stated in *Ehrenhaus*, willful failure to comply with a direct court order flouts the court's authority and interferes with the orderly administration of justice.  965 F.2d at 921.  The Tenth Circuit has previously stated that a Plaintiff's failure that prevents the court from taking any further action on a case constitutes "extreme interference with the judicial process . . . ."  *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009) ("This factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders.").  This case cannot move forward without Hendren's medical information.  The Defendants need that information to complete their *Martinez* report, and I cannot prepare a Report and Recommendations for the consideration of the district judge without the *Martinez* report.  Hendren has been required to provide the release for over seven months, and this case has been at a standstill for over three months.  The case will remain in this state because Hendren has refused to provide the required release.  Furthermore, Hendren has repeatedly been ordered and instructed to execute the release, and his refusal flouts the authority of the court.

Hendren is directly culpable for his refusal to comply with this discovery obligation and the

5

court orders.  The Tenth Circuit has stated that it has "upheld dismissals and defaults where the parties themselves neglected their cases or refused to obey court orders . . ." but has "reversed dismissals and defaults . . . where inadvertence or simple neglect were the basis of the court's decision." *Davis*, 571 F.3d at 1063 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464-65 (10th Cir. 1988)).  Here, Hendren is a *pro se* litigant.  His former attorney was aware of the obligation to provide an executed release to the Defendants, but apparently never received one from Hendren.  (Doc. 34 Ex. 1 at 4.)  Hendren has been repeatedly informed by both me and the Defendants that he must provide the release, but he refuses to do so.  It is clear that he has willfully chosen to disobey the procedural rules and court orders.

I have warned Hendren on multiple occassions that dismissal of the action was a potential sanction.  At the show cause hearing, I stated that dismissal was a certain consequence if Hendren refused to provide the release.  The Tenth Circuit has found sufficient notice where a district court's second show cause order "warned that '[f]ailure to properly show cause as to why petitioner failed to comply with this court's [first show cause] order could result in dismissal of this lawsuit.'" *Davis*, 571 F.3d at 1063.  Clearly, the multitude of warnings that I have given Hendren about the possibility and the certainty of dismissal provided him with adequate notice.

Finally, lesser sanctions would not be effective.  The available lesser sanctions include ordering that certain facts be taken as established, prohibiting the plaintiff from introducing certain matters into evidence, striking pleadings, or staying the proceedings until the plaintiff obeys the order.  FED. R. CIV. P. 37(A)(i)-(iv).  No lesser sanction is realistically available to punish Hendren for his disobedience.  Ordering that the medical records could not be used might continue to harm the Defendants because it would inhibit their ability to prepare their *Martinez* report.  It would also impede the interests of justice because the court would be forced to evaluate Hendren's claim on the

merits without all of the necessary information.  More significantly, no available sanction will induce Hendren's compliance.  He has affirmatively refused to provide the release even when told that the consequence of his refusal would be a recommendation of dismissal.  Clearly, no sanction would cause him to sign the release.

Considering all of the *Ehrenhaus* factors, I find that each factor weighs against Hendren and in favor of dismissal.  Hendren willfully violated and will continue to violate his obligation to provide a medical release.  He further willfully violated and will continue to violate the orders of this Court.  The case will remain at a standstill because Hendren will not provide the Defendants with the necessary release to obtain his medical records.  I have repeatedly warned Hendren that dismissal could and would result if he did not execute the release.  No other sanction will induce compliance or remedy Hendren's refusal to comply.  Therefore, I find that dismissal is warranted as a sanction for Hendren's ongoing refusal to comply.

### RECOMMENDATION

For the foregoing reasons, I recommend that the Defendants' second Motion to Dismiss (Doc. 37) be granted and that the Plaintiff's complaint (Doc. 1) be dismissed with prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

*William P. Lynch*

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

7